

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*1000 Lafayette Boulevard*
*Bridgeport, Connecticut 06604*

March 1, 2012

The Honorable Janet Bond Arterton
United States District Court Judge
District of Connecticut

        Re:    <u>United States v. Azibo Aquart</u>
                Criminal No. 3:06 CR 160 (JBA)

Dear Judge Arterton:

      This letter sets out the statutory penalties for the offenses for which defendant Azibo Aquart was convicted. It further delineates the government's estimation for the Guideline range calculation.

**I.**    **PROCEDURAL HISTORY**

      On May 23, 2011, a jury found defendant Aquart guilty of:

(A)    Conspiracy to Murder in Aid of Racketeering, in violation of Title 18, United States Code, Section 1959(a)(5) (Count One);

(B)    Murder in Aid of Racketeering, in violation of Title 18, United States Code, Section 1959(a)(1) (Counts Two, Three and Four);

(C)    Drug-Related Murder, in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 848(e)(1)(A) (Counts Five, Six and Seven); and

(D)    Conspiracy to Distribute and to Possess with Intent to Distribute Narcotics, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(iii) (Count Eight).

      On June 15, 2011, the same jury determined defendant Aquart's sentence on Counts Two through Eight of the Fourth Superseding Indictment. Specifically, on Counts Two, Four, Five and Seven the jury unanimously found that defendant Aquart should be sentenced to death. On Counts Three and Six, the jury was unable to reach a unanimous verdict as to whether life imprisonment or the death penalty was the appropriate sentence. The question of punishment with respect to Count

One (Conspiracy to Murder in Aid of Racketeering) and Count Eight (Conspiracy to Distribute and to Possess with Intent to Distribute Narcotics) was not submitted to the jury.

## II.    STATUTORY PENALTIES

The following are the statutory penalties for Counts One, Three, Six and Eight:

(A)    Count One: Conspiracy to Murder in Aid of Racketeering

Title 18, United States Code, Section 1959(a)(5) states in relevant part:

Whoever...for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders...shall be punished–

(1)    for attempting or conspiring to commit murder or kidnapping, by imprisonment for not more than ten years or a fine under this title, or both.

Pursuant to Title 18, United States Code, Section 3583, the Court may impose a term of supervised release of not more than three years, to begin at the expiration of any term of imprisonment imposed.  If the defendant violates any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to two years with no credit for the time already spent on supervised release.

The defendant is also subject to the alternative fine provision of Title 18, United States Code, Section 3571.  Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain from the offense; (2) twice the gross loss from the offense; or (3) $250,000.

(B.)   Count Three: Murder in Aid of Racketeering

Title 18, United States Code, Section 1959(a)(1) states in relevant part:

Whoever...for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders...shall be punished–

(1)    for murder, by death or life imprisonment, or a fine under this title, or both....

Pursuant to Title 18, United States Code, Section 3583, the Court may impose a term of supervised release of not more than five years, to begin at the expiration of any term of imprisonment imposed.  If the defendant violates any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to five years with no credit for the time already spent on supervised release.

The defendant is also subject to the alternative fine provision of Title 18, United States Code,

Section 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain from the offense; (2) twice the gross loss from the offense; or (3) $250,000.

      (C)      <u>Count Six: Drug-Related Murder</u>

Title 21, United States Code, Section 848(e)(1)(A) states in relevant part:

(1)      In addition to the other penalties set forth in this section–

      (A)      [A]ny person engaging in an offense punishable under section 841(b)(1)(A) of this title...who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results, shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A), any sentence of incarceration under this provision must include a term of supervised release of at least five years and as much as life. Should the defendant violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to five years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of Title 18, United States Code, Section 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense, which is $10,000,000.

      (D)      <u>Count Eight: Conspiracy to Distribute and to Possess with Intent to Distribute Narcotics</u>

Title 21, United States Code, Section 841(b)(1) states in relevant part:

(A)      In the case of a violation of subsection (a) of this section involving-

      (iii)      280 grams or more of a mixture of substance described in clause (ii) which contains cocaine base; such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life.

Further, any sentence of incarceration under Title 21, United States Code, Section 841(b)(1)(A) must include a term of supervised release of at least five years and as much as life. Should the defendant violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to five years with no credit for the time already spent on

supervised release.

The defendant also is subject to the alternative fine provision of Title 18, United States Code, Section 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense, which is $10,000,000.

    (E)    <u>Additional Mandatory Provisions of Punishment</u>

        1.    <u>Special Assessments</u>

The defendant is obligated by Title 18, United States Code, Section 3013, to pay a special assessment of $100.00 on each count of conviction, for a combined total of $800.

        2.    <u>Restitution</u>

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under Title 18, United States Code, Section 3663A. The government is hereby seeking restitution on behalf of the victims consistent with the provisions of Title 18, United States Code, Section 3663A, that relate to the payment of funeral expenses for the three victims jointly and severally with his co-defendants. Based upon documentation supplied by the victims' families which will be supplied to the Court and counsel under separate cover, the government estimates the restitution amounts to be as follows:

| | |
|---|---|
| Tina Johnson funeral expenses | $2335 |
| James Reid funeral expenses | $6633 |
| Basil Williams funeral expenses | $8138 |

### III.   <u>SENTENCING GUIDELINES CALCULATION</u>

Based upon the Guidelines Manual in effect on the date of sentencing, the government estimates the defendant's Guidelines range to be as follows:

Count One:   <u>Title 18, United States Code, Section 1959(a)(5)</u>

    Base offense level (U.S.S.G. §§ 2E1.3(a)(2), 2A1.1(a) and 2A1.5(c))    43

Count Three:   <u>Title 18, U.S.C., Sections 1959(a)(1) and 2</u>

    Base Offense Level (U.S.S.G. §§ 2E1.3(a)(2) and 2A1.1(a))    43

Count Six:   Title 21, U.S.C., Sections 841(b)(1)(A) and 848(e)(1)(A)

    Base Offense Level (U.S.S.G. § 2A1.1(a))    43

Count Eight:   Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A) and 846

    Base Offense Level (U.S.S.G. §§ 2D1.1(d) and 2A1.1(a))    43

Pursuant to U.S.S.G. § 3D1.2(a) and (b), Counts One and Three should be grouped as the Counts involve the same victim and acts connected by a common criminal objective. Similarly, pursuant to U.S.S.G. § 3D1.2(c), Counts Six and Eight should be grouped as Count Six embodies conduct that is treated as a specific offense characteristic in the guideline applicable to Count Eight. (See cross reference in U.S.S.G. §§ 2D1.1(d)(1) to 2A1.1(a)).

Combined Offense Level Pursuant to U.S.S.G. § 3D1.4

    Base Offense Level    43

    Plus:   Combined Offense Level Units    +2

    Plus:   Aggravating Role (U.S.S.G. § 3B1.1(a) )    +4

    49

Criminal History

(1) A December 31, 1995 arrest with a January 15, 1997 conviction for Robbery in the Third Degree and Failure To Appear in the First Degree, for which the defendant was sentenced to five years imprisonment, two years to serve and three years probation.

(2) An October 15, 1996 arrest with a January 15, 1997 conviction for Sale of a Hallucinogen/Narcotics, for which the defendant was sentenced to two years imprisonment.

(3) An November 24, 1998 arrest with a December 21, 2000 conviction for Possession of Illegal Body Armor and Failure To Appear in the First Degree (two counts), for which the defendant was sentenced to three years imprisonment.

(4) A November 1, 1999 arrest with a December 21, 2000 conviction for Sale of a Hallucinogen/Narcotics and Failure to Appear in the First Degree, for which the defendant was sentenced to four years imprisonment concurrent.

(5) A November 19, 2000 arrest with a December 21, 2000 conviction for Sale of a Hallucinogen/Narcotics, for which the defendant was sentenced to 12 years imprisonment, 66 months to serve and four years probation.

Each of the above convictions receives three criminal history points pursuant to U.S.S.G. § 4A1.1(a), as each prior sentence of imprisonment exceeded one year and one month. Additionally, the defendant committed the instant offenses of conviction while on probation, resulting in an additional two point increase pursuant to U.S.S.G. § 4A1.1(d). Accordingly, the government estimates that the defendant has 17 Criminal History Points resulting in a Criminal History Category of VI.

A total offense level of 49 in Criminal History Category VI carries a range of imprisonment of life and a fine range of $25,000 to $10,000,000 pursuant to U.S.S.G. § 5E1.2(c)(3).[1] The defendant is also subject to a term of supervised release of up to three years on Count One, up to five years on Counts Three and Six and from five years to life on Count Eight.

## IV.     **COLLATERAL CONSEQUENCES**

In addition to the above penalties, because defendant has been adjudicated guilty of several felony offenses, he may be deprived of certain federal benefits as provided in Title 21, United States Code, Section 862, and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury or to possess firearms. Finally, pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing.

        Very truly yours,

        DAVID B. FEIN
        UNITED STATES ATTORNEY

        /S/*Tracy Lee Dayton*
        TRACY LEE DAYTON
        ASSISTANT UNITED STATES ATTORNEY

        ALINA P. REYNOLDS
        ASSISTANT UNITED STATES ATTORNEY

        PETER D. MARKLE
        ASSISTANT UNITED STATES ATTORNEY

        JACABED RODRIGUEZ-COSS
        TRIAL ATTORNEY

---

[1] With respect to Count One, the statutory maximum term of imprisonment is ten years. Accordingly, the Guideline range for Count One is effectively capped at 120 months imprisonment.

## **RIDER CONCERNING RESTITUTION**

The Court shall order that the defendant make restitution under Title 18, United States Code, Section 3663A. The order of restitution may include:

1. In the case of an offense resulting in bodily injury to a victim –

   A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. reimburse the victim for income lost by such victim as a result of such offense;

2. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

3. In any case, reimburse the victim for lost income and necessary child care, transportation and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under Title 18, United States Code, Section 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* Title 18, United States Code, Sections 3614 and 3613A. The Court may also order that the defendant give notice to any victims of his offense under Title 18, United States Code, Section 3555.

CERTIFICATE OF SERVICE

       I hereby certify that on the March 1, 2012, the foregoing motion was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Justin T. Smith, Esq.
Law Office of Justice T. Smith
383 Orange Street
New Haven, CT   06511

Michael O. Sheehan, Esq.
Sheehan & Reeve
139 Orange Street Suite 301
New Haven, CT   06510

/s/
TRACY LEE DAYTON
ASSISTANT UNITED STATES ATTORNEY

/s/
ALINA P. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY

/s/
PETER D. MARKLE
ASSISTANT UNITED STATES ATTORNEY

/s/
JACABED RODRIGUEZ-COSS
TRIAL ATTORNEY