UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X

UNITED STATES OF AMERICA

        -against-                                    No. 3:06 CR 160 (JBA)

AZIBO AQUART,                               December 13, 2012

        Defendant.

---------------------------------------------------------X

## **SENTENCING MEMORANDUM**

The defendant, by and through undersigned counsel, hereby submits this Sentencing Memorandum to assist the Court in sentencing the defendant in this matter, specifically with regard to the issue of restitution and special assessments. It is respectfully submitted that restitution is not appropriate in the unique circumstances of this case. If, however, the Court disagrees, the defendant requests that the Court should order payment of restitution in a nominal amount, and that this amount, as well as special assessments, should be paid out of Mr. Aquart's future earnings.

      A. The government has stated in its letter to the Court dated March 1, 2012, that the defendant owes a total of $17,106.00 dollars in restitution for the funeral expenses incurred by the families of Tina Johnson, James Reid and Basil Williams. See PACER Doc. #1098 at p.4. We object to the Court ordering payment of restitution by Mr. Aquart. The government did not seek, and the Court did not order, either Azikiwe Aquart or John Taylor to pay any restitution. It would thus be unfair to require Azibo Aquart to pay restitution.

The restitution obligation is joint and several.  We note that had restitution been ordered in the other two defendants' cases, Azibo Aquart's liability would be reduced in the future by any amounts these defendants paid.  His liability would therefore decrease by virtue of their payments, since a victim should not be entitled to a double recovery, but only to be made whole.   Given that no restitution was sought or ordered against these other defendants, it would therefore unfairly prejudice Azibo Aquart to impose liability on him alone.

To do so in the circumstances of this case would also penalize Mr. Aquart for exercising his constitutional right to trial.  The other two defendants pleaded guilty, and no restitution was ordered.  The Court should not impose restitution on the only defendant to exercise his right to trial.


B.  If the Court disagrees, we ask it to impose restitution in a nominal amount.  Pursuant to 18 U.S.C. §3664(f)(3)(B), a restitution order "may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments."  Mr. Aquart is indigent.  When he is moved to Terre Haute, he will not be eligible to work for at least a year.  If the Court orders him to pay restitution now, and he is unable to comply, he could be penalized by the Bureau of Prisons. This is unfair, if he is without resources or means to earn money to satisfy the order.

The government has agreed to have the Court order payment of restitution out of

future earnings, and in any case, the Court has this power.

We also request that the Court limit the amount of payment to 5% of any future earnings Mr. Aquart may obtain through work in the prison. This will comport with the Court's power to order a "nominal" payment, and would be just. Upon information and belief, the current pay scale for inmates within the Bureau of Prison is $0.23 to $1.15 an hour. See http://www.bop.gov/inmate_programs/work_prgms.jsp. If circumstances were to change in the future, the Court would be free to modify the restitution schedule "as the interests of justice require." 18 U.S.C. §3664(k) and United States v. Jaffe, 419 F.3d 259, 267 (2nd Cir.2005).

C.  We ask the Court to impose the same payment schedule and source of payments for the special assessment it imposes on Mr. Aquart. Namely, we ask that these payments be directed to come out of future earnings only, at a rate of 5% of those earnings.

Dated: December 13, 2012

                                          Respectfully submitted,

                                          DEFENDANT AZIBO AQUART

                                                    /s/
                                          By Michael O. Sheehan
                                          Sheehan & Reeve
                                          139 Orange Street, Suite 301
                                          New Haven, CT   06510
                                          (203) 787-9026 (phone)
                                          (203) 787-9031 (fax)
                                          msheehan@sheehanandreeve.com
                                          Federal Bar No.  ct05450

                    Justin T. Smith

Beverly Van Ness, Of Counsel

## CERTIFICATION

    This is to certify that a copy of the foregoing was filed on December 13, 2012, using the Court's CM/ECF system. Documents filed in this manner will be electronically sent to all parties of record.

                          /s/
                    Michael O. Sheehan