UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>*v.*<br><br>AZIBO AQUART | Crim.No. 3:06cr160 (JBA)<br><br><br>January 27, 2016 |

## RULING DENYING THE GOVERNMENT'S MOTION
## FOR RECONSIDERATION

The Government moves [Doc. # 1252] for reconsideration of this Court's Order [Doc. # 1251] granting Defendant's Motion [Doc. # 1250] to Perpetuate Evidence. For the following reasons, the Government's motion is denied.

### I.        Background

On September 29, 2015, Defendant Azibo Aquart filed a motion to perpetuate evidence pursuant to Fed. R. Civ. P. 27(b), seeking court authorization to inspect and test crime scene latex gloves and glove fragments in the Government's possession for possible future use in a motion under 28 U.S.C. § 2255.  This evidence had been seized at the scene of the triple homicide of which a jury found Mr. Aquart guilty and to be sentenced to death. (Mot. to Perpetuate at 1–2.) Mr. Aquart's appeal of the final judgment is currently pending.

Based on counsel's representations regarding the risk of degradation to this evidence during the pendency of Mr. Aquart's direct appeal, which will be exhausted before a § 2255 motion is filed, presumably to consolidate all issues to be raised, the Court granted his motion to perpetuate new chemical testing results for later use, which might otherwise be unobtainable at a later date. Although the existence of Government

opposition was noted by Defendant in his motion, the Government filed no opposition. After its silence while the motion was under consideration, it now seeks reconsideration, asserting, as a threshold matter, that the Court lacked jurisdiction to entertain Mr. Aquart's motion.

## II.    Discussion[1]

Because of the pendency of Defendant's appeal before the Court of Appeals for the Second Circuit, the Government contends that this Court was divested of jurisdiction to act on Defendant's motion, which, it argues, involves "substantive aspects of the case involved in the appeal," i.e., sufficiency of evidence. (Gov't's Mot. Recons. at 3.)

However, Rule 27(b)(1) provides an exception to the general rule of divesture by "permitting the court where a judgment has been rendered . . . if an appeal has been taken" to authorize depositions of witnesses to perpetuate their testimony for use in the

---

[1] Motions for reconsideration require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)1. The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

The Government fails to address the strict standards governing motions for reconsideration; the Court assumes, therefore, that the grounds for the Government's motion fall under the "need to correct a clear error" factor.

event of further proceedings in that court. The purpose of this rule does not implicate any determination of substantive rights but "afford[s] a simple ancillary or auxiliary remedy to which the usual federal jurisdictional and venue requirements do not apply." *Mosseller v. United States*, 158 F.2d 380, 382 (2d Cir. 1946); *see also Dresser Indus., Inc. v. United States*, 596 F.2d 1231, 1238 (5th Cir. 1979) ("There need not be an independent basis of federal jurisdiction in a proceeding to perpetuate, but it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist and thus is a matter that may be cognizable in the federal courts.")

The Government contends that Rule 27 is inapplicable because (1) it applies only to depositions and not to the type of discovery Defendant seeks, (2) Defendant is improperly attempting to discover new evidence, and (3) Defendant's discovery requests predate the filing of a § 2255 motion.

### A.      The Scope of Rule 27

The Government maintains that Rule 27 provides "only for the perpetuation of *testimony* through deposition." (Gov't's Reply [Doc. # 1257] at 2.) While the plain language of Rule 27(b)(1) refers only to the perpetuation of witness testimony, the Rule's complete text extends well beyond depositions, reflecting a 1948 amendment to the Rule, which provides that courts may "issue orders like those authorized by Rules 34 and 35."[2]

---

[2] The amendment "made clear that the court may also make orders for the discovery and production of documents and things for inspection, copying, or photographing as provided in [Federal Rule of Civil Procedure] 34, and for the physical and mental examination of persons as provided in [Federal Rule of Civil Procedure] 35." Wright and Miller, *Federal Practice and Procedure* § 2076, at 404–05 (2010).

Fed. R. Civ. P. 27(b)(3). As the Ninth Circuit explained in *Martin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir. 1961):

> [T]he purpose of the [1948] amendment [wa]s to make Rules 34 and 35 applicable in proceedings to perpetuate testimony. Common sense says that there will be cases in which they should be applicable where a deposition is not necessary or appropriate. It may frequently occur that the only thing likely to be lost or concealed is a paper or object that should be subject to inspection, etc., under Rule 34, or the physical or mental condition of a party, who should be subject to physical or mental examination by a physician under Rule 35.

*Id.* at 56; *see also Gen. Bd. of Glob. Ministries of the United Methodist Church v. Cablevision Lightpath, Inc.*, No. CV06-3669 (DRH) (ETB), 2006 WL 3479332, at *4 (E.D.N.Y. Nov. 30, 2006) (enabling petitioner to obtain subscribers' IP addresses from Cablevision in order to ascertain the names of adverse parties before Cablevision destroyed the data, pursuant to Rule 27); Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra, 198 F.3d 473, 478, n.5 (4th Cir. 1999) ("Perpetuation of testimony includes the inspection of documents and things." (referencing Martin, 297 F.2d at 56)).

Thus, Defendant has properly utilized Rule 27 as the basis for his motion.

## B.     Perpetuation of Evidence

The Government next insists, relying on *Petition of Ford*, 170 F.R.D. 504 (M.D. Ala. 1997), that even if the rule applied to non-testimonial evidence, it only applies to the *perpetuation* of such evidence, and Defendant improperly attempts to use Rule 27 as a discovery tool.

The Government's reliance on *Petition of Ford* is misplaced, however. There, a prospective civil rights plaintiff sought leave to take a witness deposition to determine

4

whom to sue, lest "the memories of those involved fade or become dist[or]ted by publicity." *Id.* at 506. The district court found that Rule 27 did not authorize such pre-complaint relief absent any credible showing of a use to prevent this testimony from being lost. *Id.* at 507.

Here, however, the crime scene evidence sought to be chemically tested may lose the properties to be tested over time as a result of the process of degradation described by Defendant's submission if he is required to wait the years anticipated for his appellate process to be completed. This situation certainly presents the type of special circumstances contemplated by Rule 27's remedy.

### C.   Rule 27 Timing Criteria

Finally, the Government maintains that Rule 27(a)(1)(A) requires the petitioner to show that it "expects to be a party to an action cognizable in a United States court *but cannot presently bring it or cause it to be brought*" and that "nothing prevents the defendant from filing a motion under § 2255 while his direct appeal is pending, and then moving to conduct discovery pursuant to his motion." (Gov't Mot. Recons. at 4 (emphasis added).)

However, Rule 27(b), which concerns motions brought "Pending Appeal" has no requirement that a petitioner be presently unable to file the motion, providing only that a petitioner provide the "name, address, and expected substance of the testimony" sought and "the reasons for perpetuating" the testimony. Defendant has amply satisfied these requirements by identifying the specific evidence to be tested, as well as the methods that will be used, as described in the declaration of Dr. Robson Storey, a recognized researcher

and expert in the field of polymer chemistry and science who will be conducting the test.

(*See* Storey Decl., Ex. 1 to Mot. to Perpetuate [Doc. # 1250-1].)

### III.    Conclusions

Given that Defendant has articulated a particularized need to test this evidence now in his capital conviction case, the Court finds that perpetuating the evidence "may prevent a failure or delay of justice" and is thus warranted under Rule 27(b)(3). For the foregoing reasons, the Government's Motion [Doc. # 1252] for Reconsideration is DENIED.

IT IS SO ORDERED.

      /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of January 2016.