UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:06-cr-160(JBA) |
| v. | : | |
| AZIBO AQUART | : | September 17, 2020 |

## GOVERNMENT'S STATUS REPORT

The Government is filing this update in response to the Court's order for a Status Update in the above-captioned case. Government counsel was conferring with Attorney Moraghan as to the filing of a joint response but defense counsel determined that a "joint filing is not feasible" in light of a "discovery dispute." While the Government does not believe that there exists a discovery "dispute," it would agree that there are issues regarding discovery. Further, the Government would represent that it is attempting to resolve those issues to the satisfaction of counsel but, as indicated to Attorney Moraghan, the providing of discovery, which is not electronically stored, nearly nine years after the trial, is not a simple task.

In this regard, the Government contacted predecessor counsel and was advised that his entire file was being provided to successor counsel. After learning of that process, Government counsel contacted Attorney Moraghan to confirm that such a process was in motion. Attorney Moraghan informed the Government that they were obtaining all of the discovery from counsel but indicated that they still were of the position that the Government had an obligation to provide the discovery anew. Upon learning of their position, the Government suggested three alternative methods of addressing counsel's concerns: the 72 boxes of materials in the possession of the Government could be made available immediately for review by defense counsel at our office in Bridgeport; the 72 boxes of materials could be immediately copied by defense counsel at our

office in Bridgeport; the 72 boxes of materials could be sent to the Government Support Center where the hard copies could be converted into electronic form and then provided to counsel. Government counsel informed Attorney Moraghan that the latter option would obviously take a significant amount of time due to the volume of materials. In no way was the Government refusing to provide discovery.

As stated at the last status conference, the Government will comply with its obligations and will do so as expeditiously as possible. Unfortunately, the materials provided in discovery at the prior trials were not produced, nor stored, electronically. Since the last status conference our paralegal and assigned AUSA have attended to the discovery and have collected, sorted and organized the materials. Upon learning of the volume and the fact that discovery had been provided to trial counsel and was being turned over to predecessor counsel, the Government was hopeful that there was a way to insure that counsel had all of the discovery and this issue could be addressed expeditiously and in a manner that satisfied counsel's concerns. Apparently, that is not the case. Government counsel will, therefor, prepare to have the materials sent to the Support Center and ask that they begin the process of converting the materials into a form that meets with defense counsel's request.

As to the status of this prosecution, as the Court and counsel are aware, at this time the Government is authorized to seek the death penalty and unless and until the Attorney General informs the Government otherwise, this matter continues as a death penalty prosecution. It is our understanding that the defendant has the right and will have the opportunity to oppose that decision and to request reconsideration of that authorization. As to the timing of that submission, the Government defers to counsel to provide the Court with a time-frame for such a submission.

The Government would not object to defendant's request for a status conference 90 days from the receipt of discovery, although it is unclear why the mitigation submission could not be forthcoming at an earlier date, without further discovery, as counsel has the vast majority, if not all, of the discovery, in addition to the trial transcripts from Azibo Aquart's trial and the two trials of Efrain Johnson.  The Government will inquire of the Support Center as to the estimated time for conversion of the materials and provide that information to the Court and counsel upon receipt.

        Respectfully submitted,

        JOHN H. DURHAM
        UNITED STATES ATTORNEY

        /s/ Peter D. Markle
        PETER D. MARKLE
        ASSISTANT UNITED STATES ATTORNEY
        Fed. Bar No. ct05098
        157 Church Street, 25th Floor
        New Haven, CT 06510
        Tel: (203) 821-3000
        Peter.Markle@usdoj.gov