UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA ː CRIMINAL NO.: 3:06-cr-00160-JBA
v. ː

AZIBO AQUART ː JANUARY 29, 2021

## JOINT STATUS REPORT

This joint report is being filed pursuant to this Court's request of January 19,

2021. The Court inquired about the possibility of resentencing Mr. Aquart by

videoconferencing, given the current conditions created by the COVID-19 pandemic.

This status report briefly summarizes several cases that preclude remote sentencing

under Federal Rule of Criminal Procedure 43, addresses the CARES Act and its

applicability to the instant case, states Mr. Aquart's present position on handling this

matter remotely, and concludes with the Government's position.

*United States v. Harry*, 2020 WL 1528000 (E.D. NY 2020), citing to several

other cases, notes that Federal Rule of Criminal Procedure 43 forbids sentencing via

videoconferencing or teleconferencing, even if the defendant, defense counsel and the

government consent to such a procedure. See, *U.S. v. Bethea*, 888 F.3d 864 (7ᵗʰ Cir.

2028), *U.S. v. Jones*, 410 F. Supp. 2d 1026 (D.N.M. 2005); *U.S. v Walker*, 2016 WL

9776580, at 6 (D.N.M. Oct. 2, 2016). *Harry* has been cited with approval by subsequent cases. See, *United States v. Fagan*, 464 F. Supp. 3d 427 (D. Maine 2020); *United States v. Portolyoni*, 2020 WL 5604047, (S.D.N.Y. 2020).

In the most recent telephonic status conference, on December 22, 2020, the CARES Act, and its impact on videoconferencing and sentencing hearings was discussed. In an Order dated December 23, 2020, Chief Judge Underhill noted that, as a result of the pandemic, "if judges in individual cases find, for specific reasons, that felony pleas or sentencings in those cases **cannot be further delayed without serious harm to the interests of justice**, judges may ... conduct those proceedings by video conference (emphasis added)." Given that Mr. Aquart will remain in prison regardless of when this sentencing takes place, it is difficult to argue that serious harm to the interests of justice would occur without a video-conferenced resentencing. See generally, *Harry* and *Fagan*, supra, noting that a remote sentencing hearing under the CARES Act "presents a limited exception to what is ordinarily a mandatory requirement that a plea hearing be conducted in person," ordinarily applied under circumstances where a defendant might be released. *United States v. Fagan*, 464 F. Supp. 3d at 431.

Defense counsel have discussed waiving his presence for resentencing with Mr. Aquart, which is an additional requirement were the CARES Act to apply. Mr. Aquart is not willing to waive his presence at his sentencing at this time. Given that state of law regarding Federal Rule of Criminal Procedure 43 and the CARES Act, and the fact that counsel cannot offer a knowing and voluntary waiver at this time, counsel for Mr. Aquart and the United States requests a two month status date to ascertain the status of the pandemic, in the hope that conditions might be sufficiently changed to allow for an in-person sentencing hearing in the near future.

The Government does not agree with the defense reliance on *United States v. Harry*, et al but does agree that there is no pending issue that the ends of justice mandate a virtual sentencing hearing, and that Mr. Aquart's request to an in person sentencing hearing requires an in person sentencing hearing. Therefore, the Government has no objection to a continuance and a status listing two months hence, and agrees that since Mr. Aquart is not waiving his presence, a virtual sentencing should not take place.

THE DEFENDANT,
AZIBO AQUART


BY: _____

David A. Moraghan, Esq.
Smith, Keefe, Moraghan & Waterfall
257 Main Street, Fl. 2-2
P.O. Box 1146
Torrington, CT 06790
(860) 482-7651
Federal Bar No.:  ct00054
E-mail:  dam@skmwlaw.com


Marc Bookman, Esq.
Pa. Bar. No. 37320
1315 Walnut Street, Suite 905
Philadelphia, PA 19107
(215) 732-2227
Marcbookman12@gmail.com


Monica Foster, Esq.
Indiana Federal Community Defender
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
(317) 383-3520
Monica_Foster@fd.org

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :          CRIMINAL NO.:  3:06-cr-00160-JBA

v.                                                :

AZIBO AQUART                          :          JANUARY 29, 2021

## CERTIFICATION OF SERVICE

    I hereby certify that on January 29, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

BY: _____
David A. Moraghan, Esq.
Smith, Keefe, Moraghan & Waterfall
257 Main Street, Fl. 2-2
P.O. Box 1146
Torrington, CT 06790
(860) 482-7651
Federal Bar No.:  ct00054
E-mail:  dam@skmwlaw.com